# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Milo Rosario,

    Petitioner,   Case No. 22-11508

             Honorable Judith E. Levy
v.             United States District Judge

John Christiansen,

             Mag. Judge Curtis Ivy, Jr.
    Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTIONS TO STAY THE CASE AND HOLD HABEAS PETITION IN ABEYANCE [12, 13]

Petitioner Milo Rosario, who is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his conviction for two counts of assault with intent to commit murder, one count of felon in possession of a firearm, and three counts of possession of a firearm in the commission of a felony (felony-firearm). (ECF No. 10, PageID.46.)

Petitioner has filed two substantially similar motions to stay the case and hold the petition in abeyance so that he can return to the state

courts and exhaust additional claims that are not included in his current petition. (ECF Nos. 12, 13.) For the reasons set forth below, the motions to stay are granted, and the petition for a writ of habeas corpus is held in abeyance while he pursues state-court remedies.

## I. Background

Petitioner pleaded guilty to the above charges in the Oakland County Circuit Court. Petitioner was sentenced to 14-60 years for the assault with intent to murder convictions and 2-30 years for the felon-in-possession conviction. (ECF No. 10, PageID.46.) He also received a consecutive 2-year sentence in prison for the three felony-firearm convictions. (*Id.*) His plea and sentence were affirmed on appeal. *People v. Rosario*, Case No. 356888 (Mich. Ct. App. June 9, 2021), *leave denied* 965 N.W.2d 526 (2021), *reconsideration denied*, 969 N.W.2d 22 (Mich. 2022).

Petitioner sought a writ of habeas corpus on the following ground:

> The trial court erred when denying motion to have plea withdrawn when [Rosario was] not properly advised when pleading.

(ECF No. 1, PageID.2.) Petitioner has now filed his two motions to stay the case and hold his petition in abeyance so that he can return to the

state courts and raise claims that have yet to be exhausted with the state courts and which are not included in the current petition. (ECF Nos. 12, 13.)

## II. Discussion

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's ineffective assistance of appellate counsel claim may constitute good cause for failing to previously exhaust these claims. *See* W*agner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at

277–78. Under these circumstances, it is not an abuse of discretion to stay the case while Petitioner pursues state remedies.

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. Petitioner must initiate his state post-conviction remedies within sixty (60) days of receiving this Court's order. Furthermore, Petitioner must return to federal court with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within sixty (60) days of fully exhausting his state court remedies. If Reese fails to comply with any of these conditions, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. See *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Petitioner can exhaust these claims in the state courts by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F.3d at 419. Denial of a motion for

relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court. *Id.* Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust any claims that he would raise in his post-conviction motion. *See Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the proceedings are **STAYED,** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in the state court within sixty (60) days of receipt of this order. After Petitioner fully exhausts his new claims, he must file an amended habeas corpus within sixty (60) days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay, using the same caption and case number. Failure to follow these procedures will result in the Court lifting the stay and adjudicating the merits only of the claim raised in Petitioner's original habeas petition.

IT IS SO ORDERED.

Dated: February 5, 2025　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY

                                      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2025.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager