UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Milo Rosario,

        Petitioner,      Case No. 22-11508

v.                          Judith E. Levy
                            United States District Judge

John Christiansen,

                            Mag. Judge Curtis Ivy, Jr.

        Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT [15]**

Petitioner Milo Rosario filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court granted Petitioner's motion to stay and held the petition for a writ of habeas corpus in abeyance so that Petitioner could exhaust additional claims in the state courts. (ECF No. 14.) Petitioner was given sixty (60) days to file his post-conviction motion for relief from judgment in the state court. (*Id.*)

Petitioner has filed a motion for an extension of time to file his post-conviction motion with the state trial court. Petitioner claims he was

unable to file his post-conviction motion for relief from judgment within sixty days of this Court's order because he was in administrative segregation during this time and did not have access to his legal documents to prepare his motion nor was he afforded the assistance of the Legal Writers Program (prisoner paralegals). (ECF No. 15.) Petitioner requests an extension of time to file his post-conviction motion with the trial court.

Petitioner is granted a sixty (60) day extension of time to file his motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See, e.g.*, *Roberts v. Norris*, 415 F.3d 816, 818 (8th Cir. 2005). Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing the motion with the state courts on time. *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Accordingly, an extension of time should be granted to Petitioner.

The motion for an extension of time to file a post-conviction motion for relief from judgment is GRANTED. Petitioner has sixty (60) days from the date of this order to file his post-conviction motion for relief from judgment with the Oakland County Circuit Court. Petitioner is still required to return to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies, should he not prevail in the state courts.

IT IS SO ORDERED.

Dated: January 24, 2026  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager